# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-552V
Filed: July 13, 2020
UNPUBLISHED

| | |
|---|---|
| MICHAEL RUTZ,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Master Horner<br><br>Petitioner's Motion for Decision Dismissing Petition; Tdap Vaccine; Influenza (flu) vaccine; Biceps tendinitis |

*Bridget Candance McCullough*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Camille Michelle Collett*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On April 17, 2018, petitioner filed a claim under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that he suffered right shoulder injuries as a result of his receipt of the Tdap and influenza vaccinations on November 12, 2016.  (ECF No. 1.)  On March 4, 2019, petitioner amended his petition to allege more specifically that he suffered biceps tendinitis as a result from his November 12, 2016 vaccinations.  (ECF No. 24.)  On June 4, 2019, respondent filed his Rule 4 report, recommending against compensation.  (ECF No. 27.)  On June 11, 2020, petitioner filed a status report, stating that petitioner was unable to file an expert report to support his claim and requested 30 days to inform the Court on how petitioner wishes to proceed. (ECF No. 44.)

On July 9, 2020, petitioner filed a Motion for a Decision Dismissing his Petition.  (ECF No. 45.)  Petitioner indicated that "[a]n investigation of the facts and science supporting his case has demonstrated that he will be unable to prove that he is entitled

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

to compensation in the Vaccine Program," and that "to proceed further would be unreasonable and would waste the resources of the Court, the respondent and Vaccine Program." (*Id.* at 1.)  Petitioner further stated that "[p]etitioner understands that a decision by the Special Master dismissing his petition will result in a judgment against him. [Petitioner] has been advised that such a judgment will end all of his rights in the Vaccine Program. Petitioner understands that he may apply for costs once his case is dismissed and judgment is entered against him." (*Id.* at 1.)

To receive compensation in the Vaccine Program, petitioner must prove either (1) that he suffered a "Table Injury" – *i.e.*, an injury falling within the Vaccine Injury Table – corresponding to a covered vaccine, or (2) that he suffered an injury that was actually caused by a covered vaccine.  *See* §§ 13(a)(1)(A) and 11(c)(1).  To satisfy his burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling for petitioner based solely on his allegations unsubstantiated by medical records or medical opinion.

Petitioner's medical records do not support his allegations by a preponderance of the evidence and he did not file a medical opinion from an expert in support of his allegations.  Accordingly, the undersigned **GRANTS** petitioner's Motion for Decision Dismissing Petition and **DISMISSES** this petition for failure to establish a *prima facie* case of entitlement to compensation.

## CONCLUSION

This case is now **DISMISSED**.  The clerk of the court is directed to enter judgment in accordance with this decision.[2]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.